JUSTIN OWENS, State Bar No. 254733
  jowens@sycr.com
AHMAD TAKOUCHE, State Bar No. 322911
  atakouche@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Attorneys for Defendant
JEFFREY RAMEY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation; CISCO TECHNOLOGY, INC., a California corporation,<br><br>          Plaintiffs,<br><br>vs.<br><br>MUSHKIN, INC., a Colorado corporation (d/b/a ENHANCED NETWORK SYSTEMS); JEFFREY RAMEY, an individual; DOES 1-10,<br><br>          Defendants. | Case No. 19-cv-07514-SBA<br>Assigned to: Judge Saundra Brown Armstrong<br><br>**DEFENDANT JEFFREY RAMEY'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND OBJECTION TO PORTIONS OF THE DECLARATION OF JEFFREY RAMEY FILED IN SUPPORT OF RAMEY'S MOTION TO DISMISS**<br><br>*[Filed concurrently with Proposed Order, and Declaration of Justin Owens]*<br><br>Date:  April 8, 2020<br>Time:  2:00 p.m.<br>Judge:  Hon. Saundra Brown Armstrong<br>Location:  Oakland Courthouse<br>          Courtroom TBD<br>          1301 Clay Street<br>          Oakland, CA 94612<br><br>Complaint Filed:  November 14, 2019 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OPPOSITION TO MOTION TO STRIKE

4816-7681-5798v3/106096-0001                                                                                                   Case No. 19-cv-07514-SBA

Defendant Jeffrey Ramey ("Mr. Ramey") respectfully submits the following opposition to Cisco's Motion to Strike and Objections to Portions of the Declaration of Jeffrey Ramey (Dkt. No. 39.)

I. **GENERAL RESPONSE TO CISCO'S OBJECTIONS**

Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. ("Cisco") sued Defendant Jeffrey Ramey ("Mr. Ramey") in a federal courthouse 1,500 miles from his home in the Dallas, Texas area. Faced with Mr. Ramey's Motion to Dismiss or Transfer the Complaint (Dkt. No. 23), Cisco has now filed its Motion to Strike (Dkt. No. 39) in an attempt to preclude the Court from considering the facts that require dismissal of the Complaint for lack of personal jurisdiction or, at minimum, transfer of the claims against Mr. Ramey to the Northern District of Texas.

Cisco's assertion that Mr. Ramey's declaration "does not lay an adequate foundation" for the facts asserted therein is plainly incorrect, as described below. Ironically, the allegations in Cisco's own Complaint are more than sufficient to establish Mr. Ramey's personal knowledge of the facts he attests to, including the location of key non-party witnesses in the Dallas, Texas area. For example, whereas Cisco challenges Mr. Ramey's knowledge of the locations of current and former GDT employees, the Complaint alleges that "from December 2016 to October 2018, Ramey, [was] a Senior Account Manager at Cisco Authorized Reseller, General Data Tech ('GDT')" (Dkt. No. 1 at ¶ 1), and further alleges that "Defendant Ramey is, and at all relevant times was, an individual residing in Texas, with the last known address of 309 Scenic Glen Drive, Mansfield, Texas 76063." (*Id*. at ¶ 7.) Mr. Ramey is surely qualified to provide a declaration regarding the places of work and/or residence for his recent co-workers at GDT, particularly in light of his own residence in the Dallas metropolitan area.

Likewise, Cisco's Motion to Strike challenges Mr. Ramey's knowledge of the locations of former Cisco account managers Eric Power, Sidney Green, and Jay Acosta, yet the Complaint alleges that Mr. Ramey personally interacted with each of these individual in the course of his employment for GDT. (*Id*. at ¶¶ 57, 59, 61, 73-79.) Again, Mr. Ramey is qualified to attest to the fact that in the very recent past these individuals lived and worked in the Dallas area, and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
OPPOSITION TO MOTION TO STRIKE
4816-7681-5798v3/106096-0001                                  Case No. 19-cv-07514-SBA

1  therefore are likely to live and work in the Dallas area today.  The law does not require that Mr.
2  Ramey's declaration reflect an up-to-the-minute knowledge of these individuals' precise physical
3  whereabouts; such a standard would be unworkable and unachievable.
4        Mr. Ramey's acknowledged interactions with non-party witnesses working and living in
5  the Dallas area is more than sufficient to establish foundation for his declaration.  *See Brew v.*
6  *City of Emeryville*, 138 F.Supp.2d 1217, 1227 (N.D. Cal. 2001) (requiring that the declarant
7  show "his or her connection to the matters stated").  And the fact that Mr. Ramey does not attach
8  extensive "documents" does not somehow render his declaration insufficient.  (Dkt. No. 39
9  (Motion to Strike) at 2:23-25.)  Whereas Cisco's counsel submitted a declaration replete with
10 LinkedIn "printouts" submitted to establish the locations of people who she has never met (*see*
11 Dkt. No. 37-21 (Ex. H. to Decl. of Lyndsey C. Heaton)),[1] *Mr. Ramey's declaration is based on*
12 *his personal interactions and relationships with the non-party witnesses who reside in the*
13 *Northern District of Texas*, and who are Mr. Ramey's former co-workers and business
14 associates.  (Dkt. No. 23-1 (Ramey Decl.) at ¶¶ 2, 7-12.)  Contrary to Cisco's position, "personal
15 knowledge" of the information displayed on a LinkedIn website is not superior to Mr. Ramey's
16 real-world knowledge of the witnesses' places of work and residence.

## II.    SPECIFIC RESPONSES TO CISCO'S OBJECTIONS

Mr. Ramey offers the following responses to the specific objections raised in Cisco's Motion to Strike.

| Statements from Ramey Declaration (Dkt. 23-1) to Which Cisco Has Objected | Ramey's Response to Objection |
|---|---|
| Pg. 2, Lines 4-5:<br>"... after Cisco claimed that I was involved in a fraudulent scheme to obtain discounted Cisco goods." | This statement in is not essential to the adjudication of Mr. Ramey's pending Motion to Dismiss or Transfer (Dkt. No. 23), and the Court can decide the Motion in Mr. Ramey's favor even if this statement is disregarded. |

---

[1] While not necessary, the concurrently-filed declaration of the undersigned counsel follows the lead of Cisco counsel and provides LinkedIn profile pages further confirming that the dozens of third-party witnesses referenced in Mr. Ramey's declaration live in the Dallas area.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
OPPOSITION TO MOTION TO STRIKE
4816-7681-5798v3/106096-0001                                    Case No. 19-cv-07514-SBA

| Statements from Ramey Declaration (Dkt. 23-1) to Which Cisco Has Objected | Ramey's Response to Objection |
|---|---|
| Pg. 2, Lines 17-22:<br><br>"What Cisco does not mention in the Complaint is that while ENS may not have been an authorized "reseller" of Cisco goods, it was authorized by Cisco to act as a *service provider* on IT projects for end-users who had purchased Cisco goods. Because Cisco recognized ENS as a service provider, ENS had the ability to acquire Cisco goods from authorized Cisco distributors and resellers—such as GDT—on behalf of the end-users for whom it was performing IT services." | Cisco does not dispute that Mr. Ramey did business with both ENS and Cisco; indeed, those business relationships are the premise of Cisco's allegations in this case. Mr. Ramey's undisputed business relationships with both Cisco and ENS are more than sufficient to establish the foundation for his statement regarding ENS's status as a "service provider" on IT projects involving Cisco goods. |
| Pg. 2, Line 25- Pg. 3, Line 2:<br><br>"Each of these individuals lives or works within the Dallas/Fort Worth area, and specifically within 100 miles of the federal courthouse in Dallas, Texas. These witnesses include: (1) current GDT employees; (2) former GDT employees; (3) former Cisco account managers; (4) current and former PRA personnel; and (4) and current and former Comware personnel."  And further statements regarding the location of potential "witnesses". | For the reasons described below, Mr. Ramey's declaration supplies sufficient foundation for his personal knowledge that these non-party witnesses live and work in the Dallas area. *See Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) (requiring that the declarant show "his or her connection to the matters stated").<br><br>In addition, and to comply with Cisco's apparent belief in the infallibility of social media profile pages, the concurrently-filed declaration of Justin Owens attaches LinkedIn pages identifying Dallas, Texas (or surrounding cities) as the location for these non-party witnesses.<br><br>**Current and Former GDT employees**: Mr. Ramey's declaration states as follows: "I have resided in the Forth Worth area of Texas my entire life, and I worked in GDT's Dallas headquarters during my tenure with that company." (Dkt. No. 23-1 at ¶ 2). Cisco itself alleges that that "from December 2016 to October 2018, Ramey, a Senior Account Manager at Cisco Authorized Reseller, General Data Tech ('GDT')" (Dkt. No. 1 at ¶ 1). Mr. Ramey is qualified to attest to the locations in which his recent co-workers live and work. In addition, LinkedIn profiles for current and former GDT employees identified in Mr. Ramey's declaration are provided at Exhibit A (current employees) and Exhibit B (former employees) to the concurrently-filed Owens Declaration.<br><br>**Provident Realty Advisors**: Mr. Ramey attests that he "met with multiple representatives of PRA during course of [his] employment with GDT," |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

OPPOSITION TO MOTION TO STRIKE

4816-7681-5798v3/106096-0001                                    Case No. 19-cv-07514-SBA

| Statements from Ramey Declaration (Dkt. 23-1) to Which Cisco Has Objected | Ramey's Response to Objection |
|---|---|
| | and specifically that he met with Kip Platt and Tommy Nance in PRA's Dallas headquarters. (Dkt. No. 23-1 at ¶ 11(a)-(b).) Mr. Ramey's in-person meetings with these individuals at their place of business in Dallas, Texas is more than sufficient foundation for him to declare that they lived and work in the Dallas area. In addition, LinkedIn profiles for PRA employees identified in Mr. Ramey's declaration are provided at Exhibit C to the concurrently-filed Owens Declaration.<br><br>**Comware**: Mr. Ramey attests that each of the Comware employees identified in his declaration personally attended meetings with him in Dallas. (Dkt. No. 23-1 at ¶ 12(a)-(d).) This is more than sufficient foundation for him to declare that these individuals, with whom he has personally intereacted, live and work in the Dallas area. Even the Complaint alleges that Comware is based in Southlake, Texas (Dkt. No. 1 at ¶ 37.) In addition, LinkedIn profiles for Comware employees identified in Mr. Ramey's declaration are provided at Exhibit D to the concurrently-filed Owens Declaration.<br><br>**Former Cisco Account Managers**: Mr. Ramey's personal knowledge of the locations of Cisco account managers is attested to in his declaration: "Virtually all of the Cisco account managers from whom I ordered Cisco goods during my tenure at GDT lived and worked in the Dallas/Forth Worth area, and many no longer employed by Cisco." (Dkt. No. 23-1 at at ¶ 10). In addition, LinkedIn profiles for Comware employees identified in Mr. Ramey's declaration are provided at Exhibit E to the concurrently-filed Owens Declaration. |
| Pg. 4, Lines 10-12:<br>"It is my understanding Cisco threatened to strip GDT of its Gold Partner status if it did not terminate me and a number of other GDT employees, including high-level executives. Subsequent to my termination in October 2018, a number of high-level executives at GDT were in fact terminated." | This statement is not essential to the adjudication of Mr. Ramey's pending Motion to Dismiss or Transfer (Dkt. No. 23), and the Court can decide the Motion in Mr. Ramey's favor even if this statement is disregarded.<br><br>What is relevant to the Motion to Dismiss is the fact that a large number of current and former GDT employees are non-party witnesses who indisputably have knowledge of the claims and defenses in this case are located in the Dallas area, as described above. The LinkedIn profiles |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

OPPOSITION TO MOTION TO STRIKE

4816-7681-5798v3/106096-0001                                    Case No. 19-cv-07514-SBA

| Statements from Ramey Declaration (Dkt. 23-1) to Which Cisco Has Objected | Ramey's Response to Objection |
|---|---|
| | of these individuals confirm both (i) that they are no longer employed by GDT, and (ii) that they are located in the Dallas area. *See* concurrently filed Declaration of Justin Owens at Ex. B. |
| Pg. 4, Lines 23-25:<br>"Ms. Blatatric [sic] was subsequently terminated by GDT, but it is my understanding that she still resides in the Dallas/Fort Worth area." | This statement in is not essential to the adjudication of Mr. Ramey's pending Motion to Dismiss or Transfer (Dkt. No. 23), and the Court can decide the Motion in Mr. Ramey's favor even if this statement is disregarded. |
| Pg. 5, Lines 18-20:<br>"Virtually all of the Cisco account managers from whom I ordered Cisco goods during my tenure at GDT lived and worked in the Dallas/Fort Worth area, and many are no longer employed by Cisco." | Mr. Ramey's personal knowledge of the locations of Cisco account managers is attested to in his declaration: "Virtually all of the Cisco account managers from whom I ordered Cisco goods during my tenure at GDT lived and worked in the Dallas/Forth Worth area, and many no longer employed by Cisco." (Ramey Decl. at ¶ 10). Mr. Ramey's personal relationships and interactions with these individuals is sufficient foundation for his statements regarding their locations. *See Brew v. City of Emeryville*, 138 F.Supp.2d 1217, 1227 (N.D. Cal. 2001) (requiring that the declarant show "his or her connection to the matters stated").<br><br>In addition, LinkedIn profiles for former Cisco employees identified in Mr. Ramey's declaration are provided at Exhibit E to the concurrently-filed Owens Declaration. |
| Pg. 6, Lines 6-9:<br>"... Cisco awards commissions based on the end-user associated with each order, regardless the service provider tied to that end-user. Mr. Power thus had a financial incentive to maximize the volume of orders for Cisco goods that listed PRA as the end-user." | This statement in is not essential to the adjudication of Mr. Ramey's pending Motion to Dismiss or Transfer (Dkt. No. 23), and the Court can decide the Motion in Mr. Ramey's favor even if this statement is disregarded. To expedite resolution of the Motion to Dismiss or Transfer, Mr. Ramey withdraws the quoted language from his declaration and will establish these facts in discovery.<br><br>What is relevant to the Motion to Dismiss/Transfer is that Mr. Power indisputably is a non-party witness living in the Dallas area (See Ramey Decl. at Ex. A; Owens Decl. Ex. A), and this is just one of many topics that require testimony from Mr. Power. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

OPPOSITION TO MOTION TO STRIKE

4816-7681-5798v3/106096-0001                                   Case No. 19-cv-07514-SBA

| Statements from Ramey Declaration (Dkt. 23-1) to Which Cisco Has Objected | Ramey's Response to Objection |
|---|---|
| Pg. 6, Line 21-23:<br>"It is my understanding that Ms. Green is no longer employed by Cisco, but that she continues to reside in the Dallas/Fort Worth area." | Mr. Ramey's personal interactions with Sidney Green during his employment with GDT (through October 2018) are foundation for his declaration that Ms. Green currently live in the Dallas area. *See Brew v. City of Emeryville*, 138 F.Supp.2d 1217, 1227 (N.D. Cal. 2001) (requiring that the declarant show "his or her connection to the matters stated").<br>This is confirmed by the LinkedIn page that is attached to the concurrently-filed Owens Declaration at Exhibit E (stating that Ms. Green is located in "Dallas, Texas" and that she is "available for new opportunities" after her employment with Cisco ended in August 2019.) |
| Pg. 7, Lines 23-24:<br>"I was later informed that ENS was selected as a service provider for the Texaco Building Project." | This statement in is not essential to the adjudication of Mr. Ramey's pending Motion to Dismiss or Transfer (Dkt. No. 23), and the Court can decide the Motion in Mr. Ramey's favor even if this statement is disregarded.  To expedite resolution of the Motion to Dismiss or Transfer, Mr. Ramey withdraws the quoted language from his declaration and will establish these facts in discovery.<br><br>What is relevant for purposes of the Motion to Dismiss/Transfer is that the PRA employees work and live in the Dallas area (*see supra*; see also Owens Decl. Ex. C), and this is just one of many topics that require testimony from PRA employees. |
| Pg. 9, Lines 7-14:<br>"Many of the individuals with knowledge relevant to Cisco's allegations against me are either currently dependent upon a beneficial financial relationship with Cisco (*e.g.*, the current GDT employees who rely on the "authorized partner" relationship with Cisco), are former employees who may need favorable job references from Cisco to secure future employment (*e.g.*, the former Cisco account managers), or are employed by companies that have been implicated in the alleged fraud and therefore unlikely to volunteer testimony unfavorable to Cisco for fear that they too will be named in a lawsuit (*e.g.*, employees of Comware)." | Mr. Ramey attests to his employment with GDT. (Ramey Decl. ¶¶ 2, 4, 5), and Cisco agrees.  (Dkt. No. 1 at ¶ 1.) As a former Senior Account Manager at GDT, a Cisco gold partner, Mr. Ramey is intimately familiar with GDT's dependence on its "authorized partner" relationship with Cisco, and the financial leverage that Cisco holds over GDT.  *See Brew v. City of Emeryville*, 138 F.Supp.2d 1217, 1227 (N.D. Cal. 2001) (requiring that the declarant show "his or her connection to the matters stated"). |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

OPPOSITION TO MOTION TO STRIKE

4816-7681-5798v3/106096-0001                                                    Case No. 19-cv-07514-SBA

| Statements from Ramey Declaration (Dkt. 23-1) to Which Cisco Has Objected | Ramey's Response to Objection |
|---|---|
| Pg. 10, Lines 1-3:<br>"Cisco's . . . efforts to disparage my professional reputation among my existing and potential customers" | This statement in is not essential to the adjudication of Mr. Ramey's pending Motion to Dismiss or Transfer (Dkt. No. 23), and the Court can decide the Motion in Mr. Ramey's favor even if this statement is disregarded. |

### III. CONCLUSION

Mr. Ramey respectfully submits that Cisco's objections to the Ramey Declaration are either unfounded or are irrelevant to the Court's adjudication of the pending Motion to Dismiss or Transfer (Dkt. No. 23).  Accordingly, the Objections should be disregarded for purposes of resolving the Motion to Dismiss or Transfer.


Dated:  March 12, 2020                    STRADLING YOCCA CARLSON & RAUTH, P.C.


                                              By:    /s/ Justin Owens
                                                   Justin Owens
                                                   Ahmad Takouche
                                                   Attorneys for Defendant JEFFREY RAMEY

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

OPPOSITION TO MOTION TO STRIKE

4816-7681-5798v3/106096-0001                                                Case No. 19-cv-07514-SBA